622 A.2d 903

B.C., PETITIONER–APPELLANT, v. NEW JERSEY DEPARTMENT OF HUMAN SERVICES AND HUDSON COUNTY DIVISION OF WELFARE, RESPONDENTS–RESPONDENTS.

J.P., PETITIONER–APPELLANT, v. NEW JERSEY DEPARTMENT OF HUMAN SERVICES, DIVISION OF ECONOMIC ASSISTANCE AND MERCER COUNTY WELFARE AGENCY, RESPONDENTS–RESPONDENTS.

A.B., PETITIONER–APPELLANT, v. DEPARTMENT OF HUMAN SERVICES, DIVISION OF ECONOMIC ASSISTANCE, AND GLOUCESTER COUNTY BOARD OF SOCIAL SERVICES, RESPONDENTS–RESPONDENTS.

S.V., PETITIONER–APPELLANT, v. DEPARTMENT OF HUMAN SERVICES, DIVISION OF ECONOMIC ASSISTANCE, AND BURLINGTON COUNTY WELFARE AGENCY, RESPONDENTS–RESPONDENTS.

D.W., PETITIONER–APPELLANT, v. DEPARTMENT OF HUMAN SERVICES, DIVISION OF ECONOMIC ASSISTANCE, AND GLOUCESTER COUNTY BOARD OF SOCIAL SERVICES, RESPONDENTS–RESPONDENTS.

M.N., PETITIONER–APPELLANT, v. NEW JERSEY DEPARTMENT OF HUMAN SERVICES, DIVISION OF ECONOMIC ASSISTANCE, AND PASSAIC COUNTY BOARD OF SOCIAL SERVICES, RESPONDENTS–RESPONDENTS.

F.C., PETITIONER–APPELLANT, v. NEW JERSEY DEPARTMENT OF HUMAN SERVICES, DIVISION OF ECONOMIC ASSISTANCE, AND PASSAIC COUNTY BOARD OF SOCIAL SERVICES, RESPONDENTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued and Submitted February 23, 1993—Decided March 25, 1993.

226

Before Judges R.S. COHEN, MUIR, Jr. and KESTIN.

Robert M. Pallitto and Maureen Schweitzer Parrott argued the cause for appellants (Hudson County Legal Services Corp., Timothy K. Madden, Director attorney for appellant B.C.; Elizabeth Athos and Donna Arons, of counsel and on the brief. Legal Aid Society of Mercer County, Patrick N. Budd, Director, attorney for appellant J.P.; Ms. Athos and Ms. Arons, of

counsel and on the brief. Camden Regional Legal Services, Inc., Patricia Bowen Atkins, Executive Director, attorney for appellants A.B., S.V. and D.W.; Ms. Parrott on the brief for appellant A.B.; Larry D. DeCosta, on the brief for appellant S.V.; Connie M. Sailey, on the brief for appellant D.W. Passaic County Legal Aid Society, John D. Atlas, Executive Director, attorney for appellants M.N. and F.C.; Mr. Pallitto and Cary L. Winslow on the briefs.)

Dennis J. Conklin, Senior Deputy Attorney General, and James T. Hill, Jr., Deputy Attorney General, argued the cause for respondent Division of Economic Assistance (Robert J. Del Tufo, Attorney General, attorney; Mary C. Jacobson, Deputy Attorney General, and Joseph L. Yannotti, Assistant Attorney General, of counsel; Messrs. Conklin and Hill on the briefs.)

No brief was filed by any other party.

The opinion of the court was delivered by

KESTIN, J.A.D.

These cases have been consolidated for the purposes of decision. They present a common issue concerning that form of public assistance known as Aid to Families with Dependent Children (AFDC). An AFDC recipient who receives lump sum income from other sources, "such as inheritances and lottery winnings, personal injury and worker compensation awards," excluding funds designated and used for purposes such as payment of medical bills, funeral costs, replacement or repair of resources and the like, is rendered ineligible for AFDC assistance for a period of time. *N.J.A.C.* 10:82–4.15. The question presented by these cases relates to the standards used to calculate the period of ineligibility.

To reach the number of months of ineligibility, the total lump sum income is divided by a monthly dollar standard. Using a higher monthly standard results in a shorter period of ineligibility. This dispute concerns the monthly dollar standard to be used. In these cases, the allowance standard applicable to the

eligible family, *i.e.*, the monthly AFDC payment, was used. Petitioners contend that it was improper to use the allowance standard, and that the Division of Economic Assistance (Division) was required to use the higher "standard of need" as the determinant of lump sum ineligibility.

*In re Petitions for Rulemaking, N.J.A.C. 10:82–1.2 and 10:85–4.1*, 117 *N.J.* 311, 566 *A.*2d 1154 (1989), required the Division to establish a standard of need as defined by federal law. The standard of need is

> the amount of money which has been determined to be essential to maintain an acceptable standard of living.
>
> [Id. at 319, 566 *A.*2d 1154, quoting *Burk v. Sunn*, 68 *Haw.* 80, 705 *P.*2d 17, 22 (1985).]

Accordingly, *N.J.A.C.* 10:82–1.1A was promulgated as of July 1, 1992, codifying New Jersey's standard of need. At the same time, *N.J.A.C.* 10:82–4.15(a) was amended to provide that lump sum ineligibility would be determined by "the Standard of Need applicable to the eligible family" instead of the former allowance standard. Both the standard of need and the allowance standard consist of sliding scales depending upon family size. New Jersey has elected to establish its allowance standard at a level no greater than 45% of the standard of need. See *N.J.A.C.* 10:82–1.2(c)1.

■■■ No state is required to meet the standard of need in setting its AFDC payments (the allowance standard). A state may

> pare down payments to accommodate budgetary realities by reducing the percent of benefits paid or switching to a percent reduction system....
>
> [*Rosado v. Wyman*, 397 *U.S.* 397, 413, 90 *S.Ct.* 1207, 1218, 25 *L.Ed.*2d 442, 456 (1970).]

In 1991, each of the petitioners received a notice of ineligibility by reason of a lump sum received. This was after the New Jersey Supreme Court had ruled that the Division was required to promulgate a standard of need and also after the Division had quantified that standard in a proposed rule, but before the standard and the amended version of *N.J.A.C.* 10:82–4.15(b) became effective.

The lump sum payments which the seven petitioners had received ranged from a $981 extended unemployment benefit to $33,152 for the settlement of a personal injury claim. The petitioner who had received $981 had two children and a monthly AFDC allowance of $424. By use of the allowance standard to calculate the period of ineligibility, she was determined to be ineligible for two months plus a fraction. The standard of need for a family of three, as proposed in early 1991, was $985. This petitioner's ineligibility period calculated by that standard would have been one month. The petitioner who had received a lump sum of $33,152 had one child and a monthly AFDC allowance of $322. She was determined to be ineligible for eight years and seven months. Using the announced but unadopted standard of need for a family of two, $819, this petitioner's period of ineligibility would have been less than 3½ years.

Each of the seven petitioners appealed and contested case hearings were held. In some of the cases, the administrative law judges concluded that standard of need must apply. In others, the administrative law judges concluded that the not yet adopted standard of need could not validly be applied. In rendering her final decisions, the Director of the Division adopted the latter view, rejecting the conclusions reached by those administrative law judges who recommended using standard of need. We regard this decision, in the light of federal standards governing AFDC programs in all states, to be untenable. We therefore reverse.

Federal statutory and regulatory standards have for some time required AFDC lump sum ineligibility to be calculated by reference to "standard of need". 42 *U.S.C.A.* § 602(a)(17); 45 CFR § 233.20(a)(3)(ii)(F). The Division contends that, in the absence of a validly promulgated state standard of need, its assistance standard was the effective standard of need. As support for this contention, the Division asserts that the particulars of its AFDC plan, in which the use of the allowance standard for calculating lump sum ineligibility was specified,

were approved by the United States Department of Health and Human Services (HHS). Although the record on appeal does not clearly support this assertion, we note only that if HHS approved the use of the allowance standard to calculate lump sum ineligibility, it did so in violation of the clear requirements of federal statute and its own regulation. The regulation itself uses the term "standard of need" to mean something distinctly different from the amount of assistance authorized or paid.

Further, in 1970, the United States Supreme Court ruled with directness and clarity that the states, being bound by federal standards as a condition of receiving federal monies to fund a portion of the AFDC program, may not do anything to "obscure the *actual* standard of need" as defined by federal law. *Rosado v. Wyman, supra,* 397 *U.S.* at 413, 90 *S.Ct.* at 1218, 25 *L.Ed.*2d at 456.

Thus, it is clear that the public assistance system in this state, since the adoption of the aforementioned federal statute and regulation, has been bound to apply standard of need to the lump sum ineligibility determination in AFDC cases. The fact that the Division had failed formally to establish New Jersey's standard of need until compelled to do so by the Supreme Court in *In re Petitions for Rulemaking, N.J.A.C. 10:82–1.2 and 10:85–4.1, supra,* in no way limited or excused the state's obligation, under federal requirements predating that decision, to have used standard of need as the determinant of the lump sum ineligibility period. Had the promulgation requirement of the *Rulemaking* case not been imposed, we would be required to develop a method for determining the standard of need at the time action was taken with respect to these petitioners. The events following the ruling in that case have made this unnecessary.

The initial administrative action in each of these cases was a notice of ineligibility determination that was issued after the AFDC standard of need was proposed in 23 *N.J.R.* 285 on February 4, 1991. The earliest of these cases began with a

notice to petitioner J.P. on April 29, 1991. It is clear that while the standard of need was not yet "officially" promulgated and did not become "formally" operative until July 1, 1992, a determination had been made preceding the action taken in any of these cases of what the standard of need in New Jersey was at the time. The monthly standard of need contained in the rule as ultimately adopted, *N.J.A.C.* 10:82–1.1A, is exactly the same as was proposed on February 4, 1991. There can be no question that it embodies the monetary standards which, in the light of federal requirements, must be applied in these cases. *See Rosado v. Wyman, supra.*

Reversed and remanded for recalculation of petitioners' AFDC benefits in accordance with the standard of need contained in *N.J.A.C.* 10:82–1.1A. Any adjustment or restoration of benefits that may be required as a result of the recalculation shall be accomplished within 30 days.